UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| CARL R. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 14-136-GFVT |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

The Plaintiff, Mr. Carl Walker, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security, which denied Walker's claim for disability insurance benefits. The Court, having reviewed the record and for the reasons set forth herein, will DENY Mr. Walker's Motion for Summary Judgment [R. 10] and will GRANT the Commissioner's [R. 11.]

**I**

**A**

Carl Walker filed an application for disability insurance benefits on March 22, 2011, alleging disability beginning January 7, 2011. [Transcript ("Tr.") 13.] According to his motion for summary judgment, Mr. Walker suffers from numerous health conditions including back and chest pain; a pectoral tear in his chest as a result of being thrown from a horse; chest muscle spasms; and pain and numbness in his knees. [R. 10-1 at 2.] Walker's initial application for disability benefits was denied on July 6, 2011, and again upon reconsideration on September 9, 2011. [R. 10-1 at 1.] At Walker's request, a hearing was conducted on December 17, 2012. [Tr.

13.]

During the hearing, the ALJ heard testimony from Walker and from vocational expert Gina K. Baldwin. [*Id.*] Following the hearing, ALJ Michele M. Kelley issued a final decision denying Walker's claim. [Tr. 13-23.] Walker, who was fifty years old at the time of alleged disability onset, has a high school diploma, and his past relevant work includes industrial carpentry. [Tr. 21.] Although the vocational expert and the ALJ agreed that Walker could no longer perform his past relevant work due to his physical condition, the ALJ concluded there are several types of jobs that exist in significant numbers in the national economy that Mr. Walker can still perform. [Tr. 21-22.]

To evaluate a claim of disability, an ALJ conducts a five-step analysis. *See* 20 C.F.R. 404.1520.[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

the record to determine the claimant's residual functional capacity ("RFC"), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the clamant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

In this case, at Step 1, the ALJ found that Walker had not engaged in substantial gainful activity since the date of alleged disability onset. [Tr. 15.] At Step 2, the ALJ found Walker to suffer from the following severe impairments: herniated L5-S1 with mild mass effect; degenerative disc desiccation at LS-S1; mild degenerative facet disease in the lumbar spine with mild disc bulges in the mid and lower thoracic spine; mild hypertrophic degenerative facet disease at T10-11; moderate degenerative changes at the right sacroiliac joint; osteoarthritis of the right knee; and a tear of the right pectoris major. [*Id.*] At Step 3, the ALJ found Walker's combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 17.] Before moving on to Step 4, the ALJ considered the entire record and determined that Walker possessed the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain limitations described as follows:

> . . . [The claimant] can lift and carry, push and pull 10 pounds frequently and 20 pounds occasionally; he could sit six hours out of an eight hour work day; stand six hours out of an eight hour work day; and walk six hours out of an eight hour work day. He can occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl but never climb ladders or scaffolds. He should never be exposed to work hazards on the job including unprotected heights, dangerous moving

3

>mechanical parts, uneven surfaces, large bodies [of] water. He should not be required to operate a motor vehicle as a part of his job. The claimant should not be required to work overhead with the right non-dominant upper non-extremity.

[Tr. 17-18.] After explaining how she determined Walker's RFC [Tr. 18-21], the ALJ found at Step 4 that, based on this RFC, Walker is unable to perform any past relevant work. [Tr. 21.] At Step 5, the ALJ determined that, based on Walker's RFC and the vocational expert's testimony, there are jobs that exist in the national economy that Walker can perform. [Tr. 22.] Accordingly, the ALJ ultimately concluded Walker is not disabled and, therefore, is ineligible for disability insurance benefits. The Appeals Council declined to review the ALJ's decision on August 15, 2014 [Tr. 1-4], and Mr. Walker now seeks judicial review in this Court.

**B**

The Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319-20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not

4

conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## II

In his motion for summary judgment, Mr. Walker asserts the ALJ's decision is not based on substantial evidence and identifies three ways the ALJ erred as a matter of law. The Court addresses each of Mr. Walker's arguments below.

### A

Mr. Walker alleges the ALJ failed to give adequate reasons for discounting the treating physician Dr. Potter's RFC. According to Walker, this violates 20 C.F.R. § 404.1527(c) which requires more weight be given to treating sources than non-treating ones. Looking to the Regulations provides a framework for considering the ALJ's application of this concept, often referred to as the "treating physician rule." The applicable regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

5

20 C.F.R. § 404.1527(d)(2).  The factors used by an ALJ in determining the weight to give a treating source opinion when it is not given controlling weight include the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the opinion's supportability, the opinion's consistency with other evidence in the record, and whether the treating source is a specialist.  20 C.F.R. § 416.927(d)(2)(i)-(ii), d(3)-d(5).  Thus, "'[t]he expert opinions of a treating physician as to the existence of a disability are binding on the fact-finder unless contradicted by substantial evidence to the contrary.'"  *Haradaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (quoting *Bastien v. Califano*, 572 F. 2d 908, 912 (2d Cir. 1978).

Further, an ALJ is required to set forth some basis for the decision to reject a treating source opinion.  *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 725 (6th Cir. 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ gave good reasons for his decision not to give controlling weight to a treating source opinion, as required by the governing regulation).

As mandated by 20 C.F.R. § 404.1527(b), the ALJ considered the opinion of Dr. Potter and gave good reasons why she gave it little weight.  The ALJ primarily appears to have afforded less weight to Dr. Potter's opinion because of the inconsistencies between Potter's opinion and his treatment notes.  In the RFC determination section of the ALJ's decision, she explained the "drastic limitations" recommended by Dr. Potter did not have support from other sources or from Potter's own notes.  [Tr. 20.]  For example, Potter's 2011 treatment notes indicated Mr. Walker could "stand without difficulty, had normal motor strength, and normal range of motion of the right upper extremity."  [*Id.*]  Such treatment notes were found to be inconsistent with limitations

6

such as "standing or walking two and one half hours in an eight hour day without interruption for 45 minutes; sitting for three hours in an eight hour day without interruption for one hour; never climbing or crouching" and more. [*Id.*]  The ALJ ultimately chose to consider Dr. Potter's opinion but to give it "no significant weight," affording greater weight, instead, to opinions like consultative examiner Dr. Stephen Nutter's, whose opinion was better "supported by the objective medical evidence."  [*Id.*]

To the extent Mr. Walker argues Dr. Potter's opinion is supported by Dr. Gupta's treatment notes and portions of Dr. Nutter's exam, the Court need not overturn the ALJ's finding on that basis.  The Court's review is limited to whether there is substantial evidence in the record to support the ALJ's decision, and the substantial evidence standard is deferential as it "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  The Court recognizes Mr. Walker's argument that portions of Dr. Potter's opinion are supported by evidence from Walker's other treating physician Dr. Gupta and the state examiner Dr. Nutter.  However, as the ALJ explained, there are portions of Dr. Potter's opinion that are not supported by the other opinions, as well as inconsistencies between Dr. Potter's treatment notes and his proposed limitations.  Accordingly, the Court finds substantial evidence in the record supports the ALJ's decision to give little weight to Dr. Potter's conclusions, even though Potter was one of Walker's treating physicians.

7

**B**

Mr. Walker also asserts the ALJ erred by giving great weight to non-examiner Dr. Jack Reed, a state agency consultant. [*See* Tr. 21 (affording great weight to Exhibit 4A, Dr. Reed's assessment).] Walker argues Dr. Reed's opinion is not based upon all of the substantial medical evidence in the case, as he did not review treating physician Dr. Potter's RFC or Potter's treatment records from May 2011 forward. He takes issue with Reed's failure to mention the tear of the right pectoris major, arguing Reed's opinion was not based on all of Walker's severe impairments. Walker also argues that, though Dr. Reed stated he gave great weight to Tri-State's evaluation, Reed failed to include the limitations recommended by Tri-State in his RFC.

To begin, the Court notes it is, at times, acceptable for an ALJ to assign greater weight to the opinion of an agency consultant than the opinion of a treating physician. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009) (citing Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (July 2, 1996)). As Walker argues, however, an ALJ's ability to give greater weight to a non-examining consultant may turn on the information available to the consultant. The relevant Social Security Ruling reads:

> In appropriate circumstances, opinions from State agency medical [consultants] may be entitled to greater weight than the opinions of treating or examining sources. For example, the opinion of a State agency [consultant] may be entitled to greater weight than a treating source's medical opinion if the State [consultant's] opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *3 (July 2, 1996). The Sixth Circuit clarified the application of this Ruling in *Blakely v. Commissioner of Social Security*, 581 F.3d 399 (6th Cir. 2009). In *Blakley*, the ALJ had adopted the findings of the agency non-examiners with only this justification: "[t]he finding that the claimant can perform a range of medium work is consistent

8

with the opinion of the State Agency medical consultants." *Id.* The court noted the agency's non-examining sources had not reviewed over three hundred pages of medical evidence, including ongoing treatment notes from the claimant's treating sources. The court recognized the Ruling cited above, but explained that when agency consultants' opinions are based on incomplete information, there must be at least "some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not 'based on a review of a complete case record.'" *Id.* (quoting *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007); Soc. Sec. Rul. 96-6p, at *3). Because the ALJ had provided no such indication, the Court remanded.

In this case, a similar remand is inappropriate for several reasons. First, while the non-examiners in *Blakley* had not reviewed over three hundred pages of medical evidence, the lack of information available to Dr. Reed in this case is less drastic. All of the missing records were from one medical provider, Dr. Potter, who the ALJ determined deserved little weight, as discussed above. In addition, Potter was not Walker's only treating physician; Walker treated with Dr. Gupta prior to Dr. Potter and Dr. Arnett [Tr. 19-20], and Dr. Reed considered the evidence received from Dr. Gupta. [Tr. 80.] While the ALJ did not comment on the fact Dr. Reed lacked access to Dr. Potter's RFC and treatment notes, it is clear from her decision that she considered the facts contained in those records "before giving greater weight to [Reed's opinion, which is] not 'based on a review of a complete case record.'" *Blakley*, 581 F.3d at 409. The ALJ discussed in detail Dr. Potter's RFC and treatment records, even though she ultimately chose to give Potter's opinion little weight. [Tr. 20.] Further, while Dr. Reed did not explicitly mention the tear of the right pectoris major, the ALJ clearly found that to be a severe impairment. [Tr. 15.] She considered the tear, as did Dr. Nutter, a consultative examiner whose opinion the ALJ afforded significant weight. [R. 20.]

9

Finally, Walker's argument about how Dr. Reed handled Tri-State's evaluation is ill-founded. Walker asserts Dr. Reed gave Tri-State's evaluation great weight but then failed to include Tri-State's limitations that Mr. Walker should avoid squatting, climbing ladders or scaffolding, and working on unprotected heights or dangerous situations where good balance is needed. [R. 10-1 at 9.] The Court's review of the record indicates Dr. Reed did, in fact, include these limitations in his RFC. While Reed's RFC does not explicitly discuss "squatting," Reed indicates Mr. Walker should never climb ladders or scaffolds [Tr. 86] and should avoid all exposure to hazards such as machinery and heights [Tr. 87.] On the whole, the Court finds the ALJ appropriately considered and assigned great weight to Dr. Reed's RFC.

## C

Finally, Walker argues the ALJ erred in giving great weight to an RFC assessed by Heather McAlister, a single-decision-maker. [*See* Tr. 21 (affording great weight to Exhibit 2A, McAlister's assessment).] Walker contends a single-decision-maker is not an acceptable medical source under 20 C.F.R. § 404.1513(a), and, thus, the ALJ could not give her opinion great weight. The Commissioner counters by stating that McAlister's findings mirrored the findings of Dr. Reed, discussed above, who was an acceptable medical source. Thus, if the ALJ did give too much weight to McAlister's opinion, any error is harmless.

The ALJ referred to McAlister's assessment as one of two "prior assessments of State agency physical consultants." [Tr. 21.] As the Commissioner's motion for summary judgment essentially concedes, a single-decision-maker's assessment is not considered opinion evidence and is entitled to no weight. [R. 11 at 11-12]; *Widener v. Astrue*, No. 10-263-KKC, 2011 WL 3101102, at *3 (E.D. Ky. July 25, 2011); *Northern v. Astrue*, No. 10-2-DLB, 2011 WL 720783, at *4-5 (E.D. Ky. Feb. 22, 2011). However, Mr. Walker has not suggested the ALJ would have

reached a different conclusion had she given no weight to McAlister's opinion. McAlister's findings do mirror those of Dr. Jack Reed and are also consistent with consultative examiner Dr. Stephen Nutter's evaluation. [Tr. 20-21.] ALJ Kelley permissibly gave significant weight to the opinions of Dr. Reed and Dr. Nutter.

Consequently, the Court believes that even if ALJ Kelley understood one of the two state agency physical consultants was a single-decision-maker entitled to no weight, she would have reached the same conclusion regarding Walker's disability. *See Northern*, 2011 WL 720783, at *5. As Walker has not set forth any convincing arguments to the contrary, the Court does not deem the ALJ's error in assigning substantial weight to the single-decision-maker's assessment a cause for remand. *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("Generally . . . we review decisions of administrative agencies for harmless error. Accordingly, if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted).

### III

Overall, the Court does not agree with the Plaintiff that the ALJ erred in considering and weighing the various medical opinions so as to constitute harmful error and warrant a judgment in favor of Mr. Walker. The Court finds substantial evidence in the record exists to support the ALJ's conclusions. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Walker's Motion for Summary Judgment [R. 10] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [R. 11] is **GRANTED**;

3. Judgment in favor of the Defendant will be entered contemporaneously herewith.

This the 3rd day of February, 2016.

Gregory F. Van Tatenhove
United States District Judge